■ In the Matter of BAY SHORE FIRE DEPARTMENT et al., Petitioners, v. STATE DIVISION OF HUMAN RIGHTS, Respondent.— Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated December 31, 1971, which affirmed an order of the State Division of Human Rights, dated July 1, 1971, directing petitioners (1) to forthwith appoint the complainant as a volunteer fireman in the Bay Shore Fire Department, (2) to set aside any requirement that applicants for membership in said Department be sponsored by members thereof, (3) to make application forms readily available to all interested persons, (4) to maintain a file of all applicants, which shall include the reasons for any rejection, and (5) to refrain from discriminating against applicants or members because of race, creed, color or national origin. Order of the Appeal Board modified, in the interests of justice, by adding thereto, immediately after the word "affirmed", the following: "except that the directive therein to forthwith appoint the complainant as a volunteer fireman in the Bay Shore Fire Department is stricken and respondents in the matter before the Division of Human Rights are directed to conduct an immediate and full review on the merits on the question of whether the complainant is entitled to such appointment in view of his alleged background." Such background is as set forth in paragraph 33 of the petition in this proceeding. As so modified, order of the Appeal Board confirmed, without costs. While the Division of Human Rights' finding of discrimination by petitioners against the complainant is supported by substantial evidence and should be confirmed, nevertheless, in the interests of justice, this matter should be resubmitted to petitioners for an immediate and full review of the complainant's qualifications for the appointment in question in view of his alleged background as set forth in paragraph 33 of the petition in this proceeding. Petitioners claimed at the hearing before the Division that they had never received the complainant's applications for appointment and that consequently they had not investigated his qualifications. On appeal, petitioners request that, in the event we confirm the finding of discrimination, we permit the matter to be resubmitted for a full review of the complainant's qualifications. Munder, Martuscello and Latham, JJ., concur; Rabin, P. J., and Shapiro, J., dissent and vote to dismiss the petition on the merits and grant the cross application by the Division of Human Rights to enforce its order. The petition in this proceeding raises, for the first time, the question of the complainant's qualifications for appointment to the previously all-white Bay Shore Fire Department. The majority agrees that the finding of discrimination is supported by substantial evidence, but nonetheless remands the matter to the petitioners for a full hearing as to the complainant's qualifications. Section 298 of the Executive Law provides, in pertinent part, with respect to judicial review in the Appellate Division:

"No objection that has not been urged in prior proceedings shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances. Any party may move the court to remit the case to the division in the interests of justice for the purpose of adducing additional specified and material evidence and seeking findings thereon, provided he shows reasonable grounds for the failure to adduce such evidence in prior proceedings." The only reason given by petitioners for their failure to raise the issue of the complainant's qualifications at the hearing is that they thought that his testimony as to discrimination would be rejected. That they took a chance on the outcome of the hearing and guessed wrong does not constitute "extraordinary circumstances" justifying their failure to raise this issue. The complainant is a police officer of the Long Island State Parkway Police, in good standing. His complaint of discrimination has been established. No good reason appears for delaying implementation of the order under review by remitting for further testimony.